1  WINTON & LARSON, LLP
   Steven W. Winton (State Bar No. 114425)
2  11770 Bernardo Plaza Court, Suite 255
   San Diego, CA 92128
3  Tel. (858) 385-0040 / Fax (858) 385-0050

4  BROWNE WOODS & GEORGE LLP
   Peter W. Ross (State Bar No. 109741)
5  Marta B. Almli (State Bar No. 177306)
   450 North Roxbury Drive, Seventh Floor
6  Beverly Hills, California 90210-4231
   Tel. (310) 274-7100 / Fax (310) 275-5697

7  LAW OFFICES OF GARY FREEDMAN
   Gary Freedman (State Bar No. 49922)
8  1149 Third Street, Suite 200
   Santa Monica, California 90403
9  Tel. (310) 576-2444 / Fax (310) 576-2440

10 Attorneys for Plaintiff Brighton Collectibles, Inc.

FILED
06 OCT 13 PM 2:19
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VIA FAX

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RENAISSANCE GROUP INTERNATIONAL, a New Jersey company; RALPH'S GROCERY COMPANY, an Ohio corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 06CV 1115 H POR<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

1

## STATEMENT OF GOOD CAUSE

For the purposes of pending litigation between Plaintiff BRIGHTON COLLECTIBLES, INC. ("Brighton" or "Plaintiff"), and Defendants RALPH'S GROCERY COMPANY ("Ralph's") and RENAISSANCE GROUP INTERNATIONAL ("RGI") (collectively, "Defendants"), Case Number 06-CV-1115 H (POR), and to facilitate discovery in this case, and specifically to facilitate the discovery of any trade secrets, confidential information, or sensitive business or technical information the undersigned parties, through their attorneys, request that the Court enter an order containing the terms set forth below regarding the treatment of information disclosed during discovery.

Good cause exists for the entry of a stipulated protective order, as disclosure of the parties' Confidential Information (as that term is defined below) would cause substantial financial and business harm to the parties. The parties maintain confidential documents concerning manufacturing, sales, costs of goods, customer lists, profits, marketing plans, and ideas for new products. Discovery may involve some or all of such information.

Even more importantly, public disclosure of the parties' Confidential Information (as defined below) may provide third-party competitors with a significant unfair advantage vis-à-vis the parties to this Action. Thus, absent a protective order that facilitates confidential discovery, the parties would likely suffer significant financial and business losses.

## STIPULATED PROTECTIVE ORDER

The Court, finding that the agreement of the undersigned parties is proper and desirable in the circumstances of this case, and good cause appearing therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, makes the following Order for the benefit of all parties and witnesses to govern the course of the proceedings in this case:

1. The following definitions shall apply to this Order:

   (a) "Confidential Information" shall mean and refer to any information, documents and/or data that is considered in good faith by the designating party to constitute a trade secret, confidential information, and/or proprietary business or technical information. The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed to be confidential within the meaning of this Stipulated Protective Order.

   (b) "Confidential for Attorneys' Eyes Only Information" shall mean and refer to any Confidential Information that is considered in good faith by the designating party to be so highly sensitive that disclosure to the non-producing party may put the producing party at a competitive disadvantage. The designation made by a disclosing party or non-party shall be a certification to the Court and the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Stipulated Protective Order.

   (c) "Qualified Persons" entitled to view or receive Confidential Information not designated Confidential for Attorneys' Eyes Only Information shall be limited to:

   1. Counsel to any party to the litigation;
   2. Any party to this litigation;
   3. Any author or prior recipient of such Confidential Information;
   4. Expert witnesses or consultants retained by the parties or their respective attorneys in connection with this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them;
   5. The United States District Court for the Southern District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel; and/or

3

      6.    Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action, and any of their respective personnel.

    (d) "Qualified Persons" entitled to view or receive Confidential for Attorneys' Eyes Only Information shall be limited to:

      1.    Counsel to any party to the litigation;

      2.    Any author or prior recipient of such Confidential for Attorneys' Eyes Only Information;

      3.    Expert witnesses or consultants retained by the parties or their respective attorneys in connection with this Action who have complied with paragraph 2, below, and the employees of such experts or consultants who are assisting them;

      4.    The United States District Court for the Southern District of California and its personnel, the United States Court of Appeals for the Ninth Circuit and its personnel, and any other court of competent jurisdiction having involvement in this matter and its personnel; and/or

      5.    Any designated arbitrator who is assigned to hear and adjudicate the above-captioned Action, or any mediator who is assigned to mediate the above-captioned Action, and any of their respective personnel.

    2.    Prior to receiving information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information, all Qualified Persons, except for counsel of record, Court personnel identified in paragraphs 1(c)(5) and 1(d)(4), and court reporters at any deposition in this action, shall be provided with a copy of this protective order and shall sign a Written Assurance statement in substantially the following form:

> "I [name], [position of employment], hereby acknowledge that any information provided to me is subject to the terms and conditions of the Stipulated Protective Order in Case No. 06-CV-1115 H (POR), pending

in the United States District Court for the Southern District of California. Having been given a copy of the Protective Order, and having read and understood its contents, I hereby expressly agree to be bound by the terms and provisions thereof."

In addition, at least ten (10) days prior to disclosure to any expert, consultant or other person as defined in Paragraph 1(c)(4) or 1(d)(3) above, notice of the identity of the expert or consultant shall be given to the party that designated the documents Confidential or Confidential for Attorneys' Eyes Only. This notice shall include sufficient information to identify the expert or consultant so that a determination of whether that expert or consultant has a conflict preventing him or her from viewing Confidential or Confidential for Attorneys' Eyes Only information may be made. If a dispute arises after such notice is provided, counsel shall meet and confer in accordance with Local Rule 26.1(a) regarding all disputed issues before contacting the Court. Until any such dispute is decided, by agreement of the parties or by the decision of the Court, no Confidential or Confidential for Attorneys' Eyes Only information may be disclosed to the expert or consultant.

3. The production of any material or information during discovery in this action shall be without prejudice to any claim that such is privileged as a trade secret or confidential and proprietary business information, or protected by the right of privacy, and no party shall be held to have waived these privileges or right by such production.

4. Whenever during the course of discovery in this matter a party or witness is properly requested to disclose, or voluntarily discloses, materials or information that a party considers to be privileged or protected by the right of privacy, that party shall indicate at or before the time of disclosure that the information or materials are Confidential Information or Confidential for Attorneys' Eyes Only Information by marking the information or materials as such or putting

some other similar designation thereon, or by indicating in some other appropriate fashion that the information or materials produced are subject to this protective order.

5. Materials or information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information under this stipulated protective order shall be returned to the producing party immediately upon the conclusion of this litigation.

6. Materials or information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information shall not be used by the parties, their respective agents, and any other persons to whom such Confidential Information may be disclosed pursuant to this Stipulated Protective Order, except for use (a) in this Action; (b) as otherwise compelled by lawful process (provided the other party is given a reasonable notice to object); or (c) as otherwise required by law. Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall prevent or limit the ability of either party to disclose Confidential Information so designated by such party to any person.

7. Materials or information designated as Confidential Information or Confidential for Attorneys' Eyes Only Information under this order shall not be disclosed or made available to persons other than Qualified Persons as defined above or the party who produced the information. However, nothing contained herein shall prevent any party from disclosing its own information as it deems appropriate.

8. When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorneys' Eyes Only Information are filed with the Court, the filing party shall make every effort to file these documents or things under seal and shall comply with the Court's requirements for doing so. In particular, the documents or things proposed to be filed under seal must first be lodged in the chambers of the Magistrate Judge or the District Judge, along with a request that the documents be approved for filing under seal. If the Magistrate Judge or the District Judge approves this request, and orders that the documents may be

filed under seal, the documents shall then be filed under seal. However, should the Magistrate Judge or the District Judge decline to allow the documents or things to be filed under seal, nothing in this Order shall prevent the filing party from submitting the documents or things to the Court in an unsealed filing.

9. Agreement to this stipulated protective order is not a consent or admission as to the actual confidentiality of any material. Should any party desire to challenge the designation of any material or information as Confidential Information or Confidential for Attorneys' Eyes Only Information, such party may move the Court for an order changing such designation and/or releasing the material from the provisions of this Order. The Court, upon notice to the parties and upon a showing of good cause, may at any time order removal of the Confidential or Confidential Attorneys' Eyes Only designation from any materials or information, or otherwise amend this Order. However, until any such order is issued by the Court, the material or information must continue to be treated as Confidential or Confidential for Attorneys' Eyes Only according to its designation.

10. Within 60 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, all originals and copies of any Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of any person or entity (other than the courts identified in paragraphs 1(c)(5) and 1(d)(4) above) shall be returned to the party who produced such document(s) or information.

Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of the District Court shall be disposed of as follows: Within 30 days after the termination of this Action and the expiration of the time for appeal or final determination of any appeal, any party to this action may provide to the District Court a package containing the materials necessary, with postage prepaid, to return the Confidential Information or Confidential for Attorneys' Eyes Only Information to that party (hereinafter "Return Package"). The party

1  seeking return of the Confidential or Confidential for Attorneys' Eyes Only
2  Information must be one of the parties to this action, or its counsel, but need not be
3  the actual owner of the information or the party that actually submitted the
4  information to the Court. The materials submitted to the Court in the Return Package
5  shall include a list of the documents to be returned, and this list must be submitted to
6  the other party at least one week prior to the expiration of the 30 day period
7  referenced above. Any Confidential or Confidential for Attorneys' Eyes Only
8  Information returned pursuant to the foregoing procedure must be treated by the
9  receiving party strictly in accordance with the terms of this Protective Order. To the
10 extent that the parties do not seek the return of Confidential or Confidential for
11 Attorneys' Eyes Only Information as set forth above, the District Court may dispose
12 of such Confidential Information or Confidential for Attorneys' Eyes Only
13 Information in any manner it deems proper.

14  11.  The provisions of this Stipulated Protective Order are subject to further
15 Court order based upon public policy and other considerations.

16  12.  Without separate Court order, this protective order and stipulation does
17 not change, amend, or circumvent any Court rule or Local Rule.

**IT IS SO STIPULATED:**

Dated: September 25, 2006

WINTON & LARSON, LLP
Steven W. Winton

BROWNE WOODS & GEORGE LLP
Peter W. Ross
Marta B. Almli

LAW OFFICES OF GARY FREEDMAN
Gary Freedman

By /s/ Marta B. Almli
Marta B. Almli

Attorneys for Plaintiff Brighton Collectibles, Inc.

8

```
 1
 2
 3  Dated: September ___, 2006          WANG HARTMANN & GIBBS
                                        Richard F. Cauley
 4                                      Michelle M. McCliman
                                        Jessica M. Helliwell
 5
                                        By /s/ Michelle M. McCliman
 6                                         Michelle M. McCliman
 7
                                        Attorneys for Defendants Ralph's
 8                                      Grocery Company and Renaissance
                                        Group International
 9
10
11
         IT IS SO ORDERED.
12
13
14  Dated:  Oct. 17, 2006          /s/ Marilyn L. Huff
                                        The Honorable Louisa Porter  Marilyn Huff
15                                      U.S. DISTRICT COURT
                                        SOUTHERN DISTRICT OF
16                                      CALIFORNIA
17
18
19
20
21
22
23
24
25
26
27
28
                                        9
                     [PROPOSED] STIPULATED PROTECTIVE ORDER
```

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 450 North Roxbury Drive, 7th Floor, Beverly Hills, California 90210.

On September 25, 2006, I served the foregoing document described as: **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the parties in this action by serving:

| | |
|---|---|
| Richard F. Cauley<br>Michelle M. McCliman<br>Jessica M. Helliwell<br>Wang, Hartmann & Gibbs, P.C.<br>1301 Dove Street, Suite 1050<br>Newport Beach, CA 92660<br>Telephone: 949.833.8483<br>Fax: 949.833.2281 | Attorneys for Defendants<br>Renaissance Group International, Inc. and<br>Ralph's Grocery Company |

(X)   By Envelope - by placing ( ) the original (X) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

(X)   By Mail: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )   By Personal Service: I delivered such envelope by hand to the offices of the addressee(s).

( )   By Federal Express: I caused the envelope(s) to be delivered to the Federal Express office at 9680 Santa Monica Boulevard, Beverly Hills, California 90210, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

( )   By Facsimile Transmission: On _____ at _____.m., I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-275-5697, to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

Executed on September 25, 2006, at Beverly Hills, California.

(X)   <u>FEDERAL</u>  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Claudia Bonilla*
CLAUDIA BONILLA

[PROPOSED] STIPULATED PROTECTIVE ORDER